[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 6, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11173
Non-Argument Calendar

_____

D. C. Docket No. 06-20646-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN A. TINOCO MANZANARES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 6, 2008)**

Before MARCUS, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Martin Tinoco-Manzanares, convicted of knowingly using a fraudulent visa,

in violation of 18 U.S.C. § 1546(a), appeals his sentence of 24 months' imprisonment.

On appeal, Manzanares-Tinoco argues that (1) his sentence - which was double the high end of the guidelines range - was unreasonable; (2) the court improperly applied an enhancement for obstruction of justice based on his testimony at trial; and (3) the court improperly made factual findings that were not proven to a jury beyond a reasonable doubt.

1. Reasonableness

We review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005). Appellate courts should apply an abuse of discretion standard when conducting reasonableness review whether the sentence is inside, outside, or significantly outside the Guidelines range. Gall v. United States, 128 S.Ct. 586, 591 (2007). A sentence may be reviewed for procedural or substantive unreasonableness, and a sentence may be substantively unreasonable regardless of the procedure used. United States v. Hunt, 459 F.3d 1180, 1182 n. 3 (11th Cir. 2006). "Our review for reasonableness is deferential." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (internal quotation omitted). After United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), a district

court, in determining a reasonable sentence, must consider the correctly calculated advisory guidelines range and the factors set forth in 18 U.S.C. § 3553(a).[1] United States v. Valnor, 451 F.3d 744, 749 (11th Cir. 2006).

Initially, we must ensure that the district court committed no significant procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." Gall, 128 S.Ct. at 597. If the sentencing court's decision was procedurally sound, we then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id.

District court judges must give serious consideration to the extent of a departure and must explain their conclusions with sufficient justifications as to

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant, and (D) to provide the defendant with needed training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5) pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) and the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1)-(7).

why an unusually harsh or lenient sentence is appropriate. Id. at 594, 597. In reviewing the reasonableness of a sentence outside the Guidelines range, we may take the degree of variance into account and consider the extent of the deviation from the Guidelines. Id. at 594-95. However, we are prohibited from requiring "extraordinary" circumstances to justify a sentence outside the Guidelines range. Id. at 595. The fact that we might reasonably conclude that a different sentence is appropriate is insufficient to justify reversal. Id. at 597.

Here, the district court did not commit any procedural or substantive error as it calculated the Guidelines correctly, treated the Guidelines as advisory, considered relevant § 3553(a) factors, and explained why it imposed a sentence above the range.

### 2. Obstruction Enhancement

When a district court imposes an enhancement for obstruction of justice, we review the district court's factual findings for clear error and its application of the Sentencing Guidelines to those facts de novo. United States v. Massey, 443 F.3d 814, 818 (11th Cir. 2006).

Section 3C1.1 of the guidelines provides for a two-level enhancement if:

(A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offence of

4

conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense.

U.S.S.G. § 3C1.1. Among the several examples of conduct making a § 3C1.1 enhancement appropriate is committing perjury. Id., comment. (n.4(b)). In addition, the enhancement is not intended to apply to a defendant's denial of guilt, unless it is a denial of guilt under oath that constitutes perjury. Id., comment. (n.2). Importantly, the right to testify does not include a right to commit perjury. United States v. Dunnigan, 507 U.S. 87, 96, 113 S.Ct. 1111, 1117, 122 L.Ed.2d 445 (1993).

The Supreme Court has held that "if a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice." Dunnigan, 507 U.S. at 95. To make a finding of perjury, the district court must conclude that (1) the testimony was given under oath; (2) the testimony was false; (3) the testimony was material; and (4) the testimony was given with willful intent to provide false testimony and not as a result of mistake, confusion, or faulty memory. United States v. Singh, 291 F.3d 756, 763 n.4 (11th Cir. 2002). Although "it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding," a

district court's decision is sufficient if the "court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury." Dunnigan, 507 U.S. at 95, 113 S.Ct. at 1117.

Here, Tinoco-Manzanares's constitutional right to testify was not impinged by the imposition of the obstruction of justice enhancement because the right to testify does not include a right to commit perjury, and the district court made a finding that encompassed all of the factual predicates for perjury.

### 3. Factual Findings

We review a constitutional challenge to a sentence de novo. United States v. Chau, 426 F.3d 1318, 1321 (11th Cir. 2005).

Tinoco-Manzanares's argument is without merit. We have repeatedly held that, after Booker, "the use of extra-verdict enhancements in an advisory guidelines system is not unconstitutional." Chau, 426 F.3d at 1323. The court may, by a preponderance of the evidence, use judge-found facts in formulating a sentence, as long as it properly applies advisory guidelines. See id. at 1324.

**AFFIRMED.**